# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **DENISE L. LYONS,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Cause No. 1:14-cv-376 |
| | ) |
| **ARMAND E. JACKO, et al.,** | ) |
| | ) |
|       **Defendants.** | ) |

## OPINION and ORDER

This case was filed in this Court on November 26, 2014, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The complaint alleges that at all material times Plaintiff Denise Lyons was a citizen of Michigan and that Defendant Armand Jacko was a citizen of Michigan. The complaint, however, fails to adequately articulate the citizenship of the other six Defendants.

For Defendants Now Delivery LLC, Now Delivery, Now Delivery of Grand Rapids LLC, and Now Delivery Trucking LLC, the complaint recites that each Defendant "is a Michigan limited liability company with its principal place of business in the State of Michigan, City of Grand Rapids." (Compl. ¶¶ 4-7.) But this information is irrelevant for determining the citizenship of an LLC for diversity jurisdiction. "[T]he citizenship of a limited liability company ['LLC'] for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, citizenship for each of these entities must be "traced through multiple levels" of its members, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

And as to Defendant Now Delivery and Logistics LLC, the complaint recites that it is "a Michigan corporation with its principal place of business in the State of Michigan, City of Grand Rapids." (Compl. ¶ 3.) But this Defendant's name includes "LLC," suggesting that it is, in fact, a LLC rather than a corporation. If so, then the citizenship of its members needs to be traced through multiple levels. *See id.*

Finally, the complaint alleges that Defendant The Hartford Insurance Company "is a company doing business in Lexington, Kentucky." (Compl. ¶ 8.) This recitation is also inadequate, as it fails to identify whether this Defendant is a corporation or LLC. And in either event, where the entity "do[es] business" is irrelevant. If Hartford is an LLC, then as explained earlier, the citizenship of each of its members must be alleged. *Mut. Assignment & Indem. Co.*, 364 F.3d at 861. But if Hartford is a corporation, the complaint must recite its state of incorporation and state in which its principal place of business is located, as corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1).

Accordingly, Plaintiff is ORDERED to supplement the record on or before December 15, 2014, by filing an amended complaint that properly recites each Defendant's citizenship.

SO ORDERED.

Enter for this 1st day of December 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge